**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DONALD KRECEK,                                                                                   PLAINTIFF

v.                                              4:09-cv-00832-BSM-JJV

MICHAEL ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I.     INTRODUCTION**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act because jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 16-18). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

Plaintiff is seeking benefits due to chronic back pain, depression, and a seizure disorder. (Tr. 13-14). Both parties have submitted appeal briefs and the case is ready for a decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). This review function is extremely limited. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

## II. ANALYSIS

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the parties' respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, including the completed Psychiatric Review Technique Form,[1] (Tr. 369-382), the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 50 at the time of the hearing. (Tr. 27). He testified that he completed high school and attended college. *Id.* The ALJ determined Plaintiff had past relevant work as an operations manager for a moving company and a moving van driver. (Tr. 16).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. § 404.1520. First, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 13). Second, the ALJ found that, based solely on the medical evidence, Plaintiff's "disorders of the spine" constituted a "severe" impairment within the meaning of the Social Security Regulations. *Id.*

The third step involved a determination, again based solely on the medical evidence, of whether Plaintiff's severe impairments met or equaled a listed impairment which is presumed to be disabling. The ALJ determined Plaintiff did not have an impairment or combination of impairments

---

[1] In addition to the five-step sequential evaluation process, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. § 404.1520a. The steps of this process are documented by the completion of a standard form, the Psychiatric Review Technique Form. 20 C.F.R. § 404.1520a(d).

that met or equaled a Listing. (Tr. 14).

At the fourth step, the ALJ was required to determine whether Plaintiff had sufficient residual functional capacity, despite his impairment, to perform his past work. The ALJ assessed that Plaintiff was unable to perform his past relevant work; however, he retained the residual functional capacity for a narrowed range of sedentary work. (Tr. 16-17).

Once the ALJ established Plaintiff could no longer perform his past relevant work, he recognized that the burden shifted to the Commissioner to show a significant number of jobs within the economy Plaintiff could perform, given his residual functional capacity, age, education, and past work. The ALJ called a vocational expert to determine the availability of jobs that Plaintiff could perform given his restrictions. (Tr. 53-65). The vocational expert testified within the constraints of the ALJ's hypothetical questions. Given the ALJ's hypothetical question, the vocational expert testified that jobs such as "dispatcher," existed that Plaintiff could perform despite his impairments. (Tr. 69). Consequently, the ALJ concluded Plaintiff was not disabled. (Tr. 22)

Plaintiff makes two arguments in support of his Complaint. First, he first argues that the ALJ incorrectly determined his depression was not "severe." Second, Plaintiff argues that the ALJ failed the develop the record by cutting off the testimony of the vocational expert and Plaintiff's wife. After carefully considering these arguments, the Court finds them to be without merit.

Regarding Plaintiff's argument that the ALJ incorrectly determined his major depression was not "severe" (Pl.s Br. 7-8), Plaintiff has the burden of proving that an impairment is "severe." *See Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995). Plaintiff did not meet that burden.

The ALJ considered Plaintiff's depression and concluded, "Because his depression was largely resolved in less than twelve months with regular treatment and his therapist recommended termination from treatment, this is considered to be a non-severe impairment." (Tr. 14). The ALJ's conclusion is supported by the evidence of record.

4

When applying for disability benefits, plaintiff reported his inability to work was due to "back problems and seizures." (Tr. 108). It is significant that plaintiff did not allege a disabling mental impairment in his application for disability benefits. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Furthermore, the ALJ's determination of severity, Step 2 of the sequential evaluation process, is based on medical evidence alone. *Bowen v. Yuckert*, 482 U.S. 137 (1987); *Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir. 1986). The medical evidence shows that plaintiff responded very well to conservative treatment. Plaintiff initially began mental health treatment on November 8, 2006. (Tr. 347). His diagnosis was major depressive disorder, recurrent, moderate to severe without psychosis. (Tr. 348, 350). He was prescribed Lexapro and began counseling. (Tr. 350). Plaintiff saw a therapist on November 22, 2006, December 12, 2006, January 10, 2007, January 25, 2007, February 16, 2007, March 9, 2007, and March 22, 2007. (Tr. 358-365). Plaintiff's depression improved greatly during this treatment period. After his last appointment, Randall Wells, M.D., reported, "Subjective improvement in depressive symptoms as well as sleep. Adverse medicine effects denied. Still dealing with substantial pain, but believes himself coping more [e]ffectively." (Tr. 364). If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

Plaintiff has not presented evidence that he suffered from any mental impairment that would significantly limit his ability to perform basic work activities. Therefore, based on the medical evidence of record, the ALJ correctly determined that plaintiff's depression was not a "severe" impairment.

The Court does not doubt that Plaintiff suffers from pain and limitation. However, the ALJ properly considered the record as a whole when discounting Plaintiff's subjective complaints and

determining that Plaintiff could perform some type of work. Proof of a <u>disabling</u> impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Plaintiff has mainly submitted subjective complaints of his impairments. Plaintiff has not submitted objective <u>medical</u> evidence that his back impairment prevents him from performing all forms of substantial gainful activity.

For example, Plaintiff underwent magnetic resonance imaging (MRI) for his back pain. The MRI appears to show only mild anomalies. (Tr. 159). Additionally, Plaintiff underwent a consultative examination by Ronald N. Williams, M.D., of the Arkansas Neurosurgery Brain and Spine Clinic. (Tr. 388). Dr. Williams reported, "Gait is normal. Range of motion in the neck is mildly restricted. Reflexes are normal and equal bilaterally with the exception of the left knee jerk, which is absent. Plantar response is flexor bilaterally. There is no sensory deficit. There is diffuse weakness of the left arm, including the opponens muscle, the triceps, and the biceps." *Id.* The opinion of a consulting physician can constitute substantial evidence, *Hight v. Shalala*, 986 F.2d 1242, 1244 n.1 (8th Cir. 1993), especially, as here, when not contradicted by other credible medical evidence of record. *Henderson v. Sullivan*, 930 F.2d 19, 21 (8th Cir. 1991).

Regarding Plaintiff's argument that the ALJ failed to adequately develop the record, the Court finds this argument unpersuasive. While it appears the ALJ was sometimes curt with Plaintiff, and did appear to cut off Plaintiff's counsel's presentation of the case, (Tr. 21-67), it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

**III.     CONCLUSION**

The Court does find that this case is a close call. It also appears this was a close call for the ALJ as well. (Tr. 65). Plaintiff is credited for his substantial work history (Tr. 29, 102-103), which is often indicative of viable disability claim. Nevertheless, the record supports the ALJ's determination.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 14th day of February, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE